# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:07cv357-RJC
# (3:05cr103-5)

| | |
|---|---|
| TORIA DOUGLAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (Doc. No. 1). After careful consideration of the motion and its supporting memorandum, the record of the prior proceedings, and the relevant legal precedent, the Court has determined that Petitioner is not entitled to relief. Therefore, Petitioner's motion will be denied and dismissed.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

On May 25, 2005, a Superceding Bill of Indictment[1] was filed, charging Petitioner and four other persons with numerous federal offenses. These offenses included conspiring to possess with intent to distribute 100 grams or more of heroin and 500 grams or more of cocaine powder, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846, and making false statements to licensed fire-arms dealers in connection with three separate purchases of firearms, all in violation of

---

[1] The original indictment, filed April 25, 2005 (Case No. 3:05cr103-5, Doc. No. 3), did not name Petitioner as a defendant.

18 U.S.C. § 922(a)(6) and 924(a)(2).[2]  (Case No. 3:05cr103-5, Doc. No. 31).

Petitioner agreed to plead guilty to Counts One and Nine through Eleven of the superseding indictment. (Case No. 3:05cr103-5, Doc. No. 105 at ¶1).  The agreement memorializes Petitioner's understanding that she was facing at least five but no more than forty years imprisonment for Count One, and three terms of not more than ten years imprisonment for Counts Nine through Eleven. (Id. at ¶ 4).  The agreement also reflects the parties' stipulation that the amount of drugs for which Petitioner could be held accountable was at least 100 grams but not more than 400 grams of heroin and at least 500 grams but not more than two kilograms of cocaine powder. (Id. at ¶ 7(a)).  Further, the agreement reflects the waiver provision by which Petitioner relinquished her rights to challenge her convictions and sentences on any grounds except ineffective assistance of counsel, prosecutorial misconduct, or on the ground that her sentence was calculated in contravention to an express stipulation in the agreement. (Id. at 20).

On December 6, 2005, a Plea and Rule 11 Hearing was held.  The Court placed Petitioner under oath and ensured that her pleas to Counts One and Nine through Eleven were made intelligently and voluntarily.  However, during the proceeding, the Government made an oral motion to dismiss Count Nine because the indictment's allegations made the United States District Court for the Eastern District of North Carolina the proper venue for that charge. (Case No. 3:05cr103-5, Doc. No. 369 at 13-14).  The Magistrate Judge granted that motion and struck all

---

[2] The indictment was superceded two additional times on October 25, 2005 and May 25, 2006. (Case No. 3:05cr103-5, Docs. No. 98 and 194, respectively).  Neither of the amendments affected Petitioner, as she ultimately pled guilty to the May 2005 version of the charges.

references to Count Nine from the agreement and proceeding. (Id. at 14).[3]

Thereafter, Petitioner's responses to the Court's questions established that she and counsel had reviewed the charges and discussed possible defenses to them, she understood the corresponding penalties, and she understood and agreed to the terms of her plea agreement, including the stipulations and waiver provision. (Id. at 5, 11-13, 15-16, 21). Petitioner's answers further established that other than the terms of her plea agreement, no one had promised her leniency or a light sentence in order to induce her pleas; no one had forced, coerced or intimidated her into pleading guilty; and that she and counsel had discussed how the U.S. Sentencing Guidelines might have applied to her case. (Id. at 16, 23-25). Ultimately, Petitioner told the Court that she was guilty of the subject charges and was satisfied with her attorney's services. (Id. at 19, 25). After considering her responses, the Magistrate Judge found that Petitioner's guilty pleas were knowingly and voluntarily made. (Case No. 3:05cr103-5, Doc. No. 120).

On August 22, 2006, the Government filed a Motion for a Downward Departure pursuant to U.S. Sentencing Guidelines § 5K1.1 and 18 U.S.C. § 3553(e). (Case No. 3:05cr103-5, Doc. No. 262). The motion asserted that Petitioner, who had no prior criminal history, had provided substantial assistance against her co-defendant/boyfriend; thus, it asked the Court to reduce her offense level from 27 to 20 and impose a 33-month sentence. (Id. at 2-3). Nevertheless, on August 25, 2006, Petitioner filed a Motion for Variance requesting a sentence below the 33-month term which the Government was requesting. (Case No. 3:05cr103-5, Doc. No. 265). Defense counsel argued that a further reduction to a probationary term was warranted because of Petitioner's lack of

---

[3] Although Petitioner subsequently filed a second plea agreement in which she agreed to plead guilty to Count Nine (Case No. 3:05cr103-5, Doc. No. 147), she never returned to Court to enter that plea, and it was not included in her sentencing proceedings.

a criminal record, her single-parent status for her chronically ill child, her allegedly minor role in the offenses, and her alleged inability to escape the influence of her co-conspirator, with whom she was romantically involved.[4] (Id. at 1-5).

On August 28, 2006, the Court held Petitioner's Factual Basis and Sentencing Hearing. During the initial stage of that proceeding, Petitioner affirmed the truth of the statements she made during her Plea and Rule 11 hearing. (Case No.3:05cr103-5, Doc. No. 378 at 2-3). Petitioner also reiterated that she was guilty of the subject crimes. (Id. at 3). Based upon Petitioner's stipulations and her testimony at her boyfriend's trial, the Court found there was a factual basis to support her guilty pleas. (Id. at 3-4).

Next, the Government advised the Court that it ultimately deemed Petitioner's cooperation to be substantial and requested a 33-month sentence. (Id. at 6-7). The Court granted the Government's motion, but it noted that Petitioner's trial testimony seemed to lack remorse, she appeared reluctant to testify against her boyfriend or to admit her own wrongdoing, and she minimized her boyfriend's unlawful conduct. (Id. at 7-11). Defense counsel then asked the Court for a variance, explaining that Petitioner's testimony and behavior were because of embarrassment, not a purposeful attempt at deception. (Id. at 12 and 16-17). Counsel further asserted that Petitioner had assisted in identifying an additional co-defendant in this case. (Id. at 17). However, defense counsel conceded that Petitioner admitted to numerous conspiratorial acts, including renting cars and purchasing firearms for her felon boyfriend, packaging drugs at the apartment they shared, accompanying him to New York for a drug deal, and her using drug-trafficking proceeds to support herself and her child. (Id. at 14-15, 19-20, 28).

---

[4] Petitioner also cited her college education and her active church membership as reasons why the Court should consider a variance.

Petitioner apologized for her behavior and told the Court she was ashamed, regretful, and had been afraid while testifying against her boyfriend. (Id. at 21-22). Petitioner also explained that she essentially had done whatever her boyfriend asked of her. (Id. at 22). Petitioner's parents told the Court that she had been an obedient daughter who allowed her boyfriend to intimidate her into engaging in illegal conduct. (Id. at 25-27).

The Court denied Petitioner's motion for a variance based upon its findings that she had played more than a minor role in the offenses, and that her involvement had allowed her boyfriend to hide his unlawful behavior behind her appearance of legitimacy. (Id. at 29-30). After considering the relevant statutory sentencing factors, the Court imposed three concurrent terms of 33 months imprisonment on Counts One, Ten and Eleven, and dismissed the remaining charges. (Case No. 3:05cr103-5, Doc. No. 267). After announcing Petitioner's sentence, the Court advised her of her statutory right to an appeal and of the time constraints she faced. (Case No.3:05cr103-5, Doc. No. 378 at 33). Although Petitioner told the Court she understood this information, she did not request an appeal.

Instead, on August 27, 2007, Petitioner filed the instant motion to vacate under § 2255 alleging that: (1) she was denied her right to an appeal; (2) the evidence was insufficient to support the firearm enhancement; (3) her convictions were obtained by means of an illegal search and seizure; (4) her conspiracy conviction was based upon an incorrect quantity of drugs; (5) she was subjected to a violation of her rights under Apprendi v. New Jersey, 530 U.S. 466 (2000); and (6) she was subjected to a violation of her due process rights.

## II. DISCUSSION

Rule 4(b) of the Rules Governing Section 2255 Proceedings directs sentencing courts to promptly examine motions to vacate in order to determine whether the petitioner is entitled to any

relief on the claims set forth therein. When it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that a petitioner is not entitled to relief, a court must dismiss the motion.

### A. Denial of right to appeal

Petitioner alleges that she was denied her right to an appeal. Notably, however, Petitioner nowhere asserts that she asked counsel for an appeal. Rather, in support of this claim, she asserts that she "informed the Court at [] sentencing that [she] would be filing an appeal, but [her] attorney failed to file a Notice of Appeal in a timely manner due to her busy schedule." (Doc. No. 1 at 5; Doc. No. 5 at 6). Petitioner also asserts that she had no means of reaching her attorney because she was taken into custody following the sentencing proceeding, and that her mother also was unable to reach counsel. She fails, however, to indicate when or by what means her mother attempted to communicate with counsel.

Petitioner is in essence urging the Court to read an implied request for counsel to file an appeal into her reported declaration to the Court that she "would be filing an appeal." However, Petitioner's sentencing transcript reveals no such declaration. Nor does the transcript contain any other evidence of Petitioner's reported plan to appeal. To the contrary, the only mention of an appeal in that hearing was the Court's explanation to the Petitioner of her right to appeal. Absent any corroborative evidence of Petitioner's alleged assertion, the Court will not consider this argument.

Nor does Petitioner's report that she and her mother were unable to contact counsel after sentencing raise a viable claim that Petitioner was denied her right to appeal by counsel's failure to consult with her. Indeed, Petitioner's failure to indicate when her mother attempted to contact counsel could potentially render this claim too vague to warrant further consideration. <u>See</u>

Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.") (citing Machibroda v. United States, 368 U.S. 487, 495-96 (1962)); Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("[A] habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle petitioner to evidentiary hearing."), abrogation on other grounds recognized, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999).

Moreover, during her Plea proceeding, Petitioner told the Court that she and counsel had discussed the terms of her plea agreement and she understood those terms. The agreement contained Petitioner's stipulation to factors limiting her sentencing exposure, and her waiver of her rights to challenge most aspects of her case. The record further reflects that Petitioner's total sentence did not run afoul of her plea agreement. In fact, Petitioner's sentence was less than the term contemplated under her agreement and far less than half of the maximum term allowable. Last, Petitioner does not allege that prior to sentencing she expressed to counsel an interest in appealing her case. Such an expression would have been reasonably necessary to trigger an obligation for counsel to consult her in light of the foregoing facts. See Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000) (explaining that in absence of request or an instruction to appeal, counsel will be deemed ineffective for failing to consult about appeal only when counsel had reason to think either: "(1) that a rational defendant would want to appeal (for example, because there are non frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."). Petitioner, therefore, could not prevail on a claim that counsel denied her the right to appeal by failing to consult with her. Compare United States v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000) (vacating and remanding for further proceedings on claim for failure-to-

consult where petitioner submitted affidavit establishing his pre-sentencing conditional request for appeal if court overruled objections and objections were overruled) ; and Miller v. United States, 150 F. Supp. 2d 871, 881-82 (E.D.N.C. 2001) (granting relief on failure-to-consult claim where petitioner belatedly pled guilty under plea agreement which allowed him to appeal his sentence if it exceeded 160-month estimate and petitioner actually received 240-month term). The Court will deny Petitioner's claim that she was denied her right to an appeal.

### B. Waiver of claims

Four of Petitioner's five remaining claims challenge the sufficiency of the evidence supporting the firearm enhancement, the legality of a search and seizure, an alleged violation of the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), and an alleged violation of her due process rights. However, under the terms of her plea agreement, Petitioner waived her right to collaterally challenge her conviction and sentences on these grounds. (Case No. 3:05cr103-5, Doc. No. 105 at ¶ 20).

Defendants may waive their rights to contest their convictions or sentences in collateral proceedings under § 2255, "so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220-21 (4th Cir. 2005) (joining several other circuits and holding, for the first time, that a defendant may waive in plea agreement the right under § 2255 to attack his conviction and sentence); see also United States v. Cannady, 283 F.3d 641, 645 (4th Cir. 2002) (observing that courts generally have enforced waivers of collateral review rights); United States v. Cohen, 459 F.3d 490, 493-95 (4th Cir. 2006) (enforcing waiver of right to direct appeal); United States v. General, 278 F.3d 389, 399-01 (4th Cir. 2002) (rejecting claims falling within the scope of appellate waiver). In determining whether the waiver was knowingly and voluntarily made, the Lemaster court reiterated that "a defendant's solemn declarations in open court affirming a plea

8

agreement . . . carry a strong presumption of verity." 403 F.3d at 222. Indeed, such declarations present "a formidable barrier in any subsequent collateral proceedings," and may be set aside only under extraordinary circumstances. Lemaster, 403 F.3d at 221.

During Petitioner's Plea hearing, she swore that she understood and agreed to the terms of her plea agreement, including the waiver provision at issue. (Case No. 3:05cr103-5, Doc. No. 369 at 21, 23-24). Petitioner even now does not challenge the enforceability of that provision. Thus, the Court concludes, pursuant to the terms of her plea agreement, that Petitioner has waived her right to raise these challenges.

Moreover, even if Petitioner had not waived her right to raise the foregoing claims, she has procedurally defaulted on them. In United States v. Mikalajunas, the Fourth Circuit stated that "[i]n order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains[,] or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." 186 F.3d 490, 492-93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152 (1982)); see also Bousley v. United States, 523 U.S. 614, 621 (1998) (holding failure to challenge matter on direct appeal, absent certain compelling circumstances, bars collateral review of same); Stone v. Powell, 428 U.S. 465, 477 n.10 (1976) (same).

The Court will thus deny Petitioner's claims regarding: (1) sufficiency of the evidence supporting the firearm enhancement; (2) the legality of the search and seizure; (3) the alleged Apprendi violation; and (4) the alleged due process violation.

**C. Petitioner's final claim**

Finally, Petitioner alleges the Court used the wrong drug quantities to calculate her sentence

on the conspiracy conviction. As with the above four claims, Petitioner has likely waived this claim pursuant to her plea agreement. However, to the extent that this argument can be construed as a claim that her sentence was calculated in contravention to a stipulation in her plea agreement, the claim still must fail. Petitioner is simply unable to establish that the Court erred in its sentencing calculations. Her plea agreement stipulates to her accountability for at least 100 but no more than 400 grams of heroin and at least 500 grams but not more than two kilograms of powder cocaine. The Presentence Report reflects that the Probation Officer used these stipulated quantities to calculate Petitioner's advisory Guidelines sentence. Consequently, because Petitioner has failed to establish that the Court was not entitled to rely upon those calculations, this claim must be rejected.

## III. CONCLUSION

The Court has carefully considered Petitioner's motion to vacate along with her supporting memorandum and the pertinent portions of the record, and has determined that she is not entitled to relief on any of her claims. Therefore, the motion to vacate must be denied and dismissed.

**IT IS, THEREFORE, ORDERED that**:

1. Petitioner's Motion to Vacate (Doc. No. 2) is **DENIED and DISMISSED**; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

**SO ORDERED.**

Signed: August 6, 2010

Robert J. Conrad, Jr.
Chief United States District Judge